## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.  14-20009-CIV-ROSENBAUM

LUIS PEREZ and HEYDE PEREZ,

        Plaintiffs,

v.

GENERAL INSURANCE COMPANY OF
AMERICA,

        Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

This matter is before the Court upon Defendant's Motion to Dismiss Counts II, III, and IV [ECF No. 3].  The Court has reviewed Defendant's Motion, all supporting and opposing filings, and the record in this case, and is otherwise fully advised in the premises.  For the reasons set forth below, the Court grants in part and denies in part Defendant's Motion to Dismiss.

### I. Background

On April 12, 2012, Plaintiff Luis Perez was involved in an automobile collision, in which he purportedly sustained severe and permanent injuries.  ECF No. 1-2 at ¶¶ 6, 8.  According to Perez, the driver of the other vehicle negligently caused the accident and was an underinsured motorist as defined under Florida law.  *Id.* at ¶ 9.  At the time of the accident, Perez was insured under an automobile insurance policy issued by Defendant General Insurance Company of America that contained uninsured/underinsured motorist coverage.  *Id.* at ¶ 4.

The crux of Perez's Complaint is that Defendant improperly refused to pay Perez uninsured-motorist benefits in connection with the damages he sustained as a result of the accident.  In

particular, Perez asserts a claim for benefits allegedly owed to him under the insurance policy (Count I), a claim for insurer bad faith pursuant to § 624.155, Fla. Stat., (Count II), and a claim for declaratory relief (Count III). Perez's wife, Heyde Perez, also asserts a claim against Defendant for loss of consortium (Count IV).

Defendant now moves to dismiss Counts II, III, and IV of the Complaint on the grounds that Plaintiffs' bad-faith claim is premature, that the claim for declaratory relief seeks an improper advisory opinion, and that Defendant is not a proper party to Heyde Perez's loss-of-consortium claim.

## II. Legal Standard

Rule 12(b)(6), Fed. R. Civ. P., governs motions to dismiss. That rule provides, in relevant part,

> **(b)**  **How to Present Defenses.** Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> **(6)**    failure to state a claim upon which relief can be granted; . . . .

*Id*. The Court, therefore, considers the Federal Rules of Civil Procedure as they set forth the requirements for stating a claim.

Rule 8(a)(2), Fed. R. Civ. P., demands that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint need not provide detailed factual allegations, the standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007));

*see also Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 958 (11th Cir. 2009); *Corbitt v. Home Depot U.S.A., Inc.*, 573 F.3d 1223, 1256 (11th Cir. 2009); *Cobb v. State of Florida*, 293 F. App'x 708, 709 (11th Cir. 2008); *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). "[N]aked assertion[s]" bereft of "further factual enhancement" do not suffice. *Twombly*, 550 U.S. at 555, 557. As the Supreme Court has explained, a complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "Moreover, the facts supporting the claim must be 'consistent with the allegations in the complaint.'" *Wilchombe*, 555 F.3d at 958 (quoting *Twombly*, 550 U.S. at 562). On a motion to dismiss, the Court should accept the non-conclusory allegations in the complaint as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (internal citation omitted); *see also Cobb*, 293 F. App'x at 709; *Brown v. Budget Rent-A-Car Syst., Inc.*, 119 F.3d 922, 923 (11th Cir. 1997).

Courts therefore conduct a "two-pronged approach" when considering a motion to dismiss under Rule 12(b)(6). *Iqbal*, 556 U.S. at 679. A court should first ask whether the pleading properly asserts "well-pleaded factual allegations" or whether, instead, it merely asserts "'legal conclusions' [that are] not entitled to the assumption of truth." *Id.* at 679-680 (quoting *Twombly*, 550 U.S. at 555). If the complaint contains factual allegations that are well pled, the court should assume their veracity and then move to the next step, asking whether the factual allegations "plausibly give rise to an entitlement to relief." *Id.* at 679. Thus, where the pleading asserts non-conclusory, factual allegations that, if true, would push the claim "across the line from conceivable to plausible," the motion to dismiss should be denied. *Id.* at 680 (quoting *Twombly*, 550 U.S. at 570) (internal quotation marks omitted).

### III. Discussion

### A. Bad Faith (Count II)

Defendant first contends that Count II of the Complaint must be dismissed because no determination of Defendant's liability under the insurance policy has yet occurred, so a claim for insurer bad faith is premature.  While Plaintiffs concede that the claim is not yet ripe for disposition, Plaintiffs urge the Court to simply abate Count II, rather than dismiss the claim without prejudice.

It is well settled that an insurer's liability under an insurance policy must first be established before an insured may assert a claim for bad faith.  *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991) ("[A]n insured's underlying first-party action for insurance benefits against the insurer necessarily must be resolved favorably to the insured before the cause of action for bad faith . . . can accrue."); *Vest v. Travelers Ins. Co.,* 753 So. 2d 1270, 1276 (Fla. 2000).  "If there is no insurance coverage, nor any loss or injury for which the insurer is contractually obligated to indemnify, the insurer cannot have acted in bad faith in refusing to settle the claim." *Hartford Ins. Co. v. Mainstream Constr. Group, Inc.*, 864 So. 2d 1270, 1272 (Fla. 5th DCA 2004).  As a result, an insured's action for insurance benefits against the insurer must be resolved before a cause of action for bad faith can accrue.

Once it has been determined that a bad-faith claim is premature, the "trial court can decide to either dismiss the bad faith claim without prejudice or abate the claim until the underlying breach of contract issue is resolved." *Landmark Am. Ins. Co. v. Studio Imports, Ltd., Inc.*, 76 So. 3d 963, 964 (Fla. 4th DCA 2011).  The decision to abate or dismiss falls within the Court's discretion. *GEICO Gen. Ins. Co. v. Harvey*, 109 So. 3d 236, 239 (Fla. 4th DCA 2013) ("[W]hen it is in the interest of judicial economy, a trial court has discretion to abate a bad faith claim that is brought in

a coverage action; however, the trial court also has discretion to dismiss the claim without prejudice."). Here, the Court finds that judicial economy weighs in favor of abatement. Accordingly, the Court exercises its discretion to abate Count II of the Complaint.

## B. Declaratory Relief (Count III)

In Count III of the Complaint, Plaintiffs seek a declaration from the Court determining apportionment of liability and the amount of damages Plaintiffs incurred as a result of the collision. ECF No. 1-2 at ¶ 25. Plaintiffs state that such relief is necessary because a determination of liability and damages is a condition precedent to their bad-faith claim. Plaintiffs seek this relief separate and apart from their contractual claim for uninsured motorist benefits under the insurance policy because if they succeed on that claim, they may not recover in excess of the policy limit, even if their actual damages exceed the maximum recovery permitted. Thus, it appears that Plaintiffs seek a separate declaration determining the total amount of damages suffered so that Plaintiffs may use that figure in calculating damages for their bad-faith claim.

While the Court understands Plaintiffs' motivation, no justification exists to entertain Plaintiffs' request for declaratory relief at this time. Plaintiffs have conceded that their claim for bad faith is premature, and the Court has, at Plaintiffs' request, abated the claim. There is simply no reason to adjudicate Plaintiffs' damages in anticipation of a future action. Ultimately, Plaintiffs will not be precluded from re-litigating the damages issue on their bad-faith claim, as any judgment entered in this case based on Defendant's contractual obligations under the policy is separate and distinct from Plaintiffs' claim for bad faith. *See Harris v. Geico Gen. Ins. Co.*, 961 F. Supp. 2d 1223, 1233 (S.D. Fla. 2013); *see also Harvey*, 109 So. 3d at 240 ("The Florida Supreme Court has repeatedly recognized that a claim arising from bad faith is grounded upon the legal duty to act in

good faith, and is thus separate and independent of the claim arising from the contractual obligation to perform." (citation and internal quotation marks omitted)).  Plaintiffs may seek to prove their damages once the bad-faith claim becomes ripe for resolution.  But for now, Plaintiffs' request is premature.  Accordingly, Count III of the Complaint is dismissed.

### C. Loss of Consortium (Count IV)

Finally, Defendant contends that Count IV must be dismissed because a claim for loss of consortium is more appropriately brought against the actual tortfeasor.  The Court respectfully disagrees.

Florida courts have specifically held that a spouse may seek loss-of-consortium damages pursuant to an insurance policy's uninsured-motorist clause.  *See Mobley v. Allstate Ins. Co.*, 276 So. 2d 495, 495-96 (Fla. 2d DCA 1973) ("[W]e hold simply that damages for loss of consortium are as fully recoverable under an uninsured motorist clause as any other type of damages."); *Allstate Ins. Co. v. Collier*, 428 So. 2d 379, 381 (Fla. 4th DCA 1983) ("Damages for loss of consortium are also recoverable under uninsured motorist coverage.").  Since the insurance policy "effectively substitutes the insured's carrier for the negligent uninsured motorist[,] [i]f that motorist is liable, there is coverage under the [policy]."  *Mobley*, 276 So. 2d at 496.  In other words, uninsured-motorist coverage simply places the insurer in the position of the absent tortfeasor.  So although Plaintiffs' injuries were allegedly caused by another motorist, Defendant may be found liable for loss of consortium damages pursuant to the insurance policy should Plaintiffs ultimately prevail on their claim for coverage.

Moreover, "a claim for loss of consortium, though derivative, may be maintained as a separate cause of action."  *Collier,* 428 So. 2d at 380-81 (citing *Gates v. Foley*, 242 So. 2d 40, 45

(Fla. 1971)).  Thus, Defendant's assertion that Plaintiff may pursue a contractual claim only is incorrect.  Defendant's Motion to Dismiss is therefore denied as to Count IV.

### IV. Conclusion

Accordingly, it is **ORDERED and ADJUDGED** that Defendant's Motion to Dismiss [ECF No. 3] is **GRANTED IN PART AND DENIED IN PART**.  Count II is hereby abated pending accrual of Plaintiffs' cause of action for insurer bad faith.  Count III is dismissed without prejudice. The Motion to Dismiss is denied as to Count IV.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 9th day of April 2014.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE


Copies furnished to:

Counsel of record